IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GUSTAVO GONZALEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CA. No. 17-346 |
| | § | (CR. No. 2:13-279-1) |
| WARDEN, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Gustavo Gonzalez filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the Northern District of Texas. That court construed the motion as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and transferred it to this Court—the Court in which Gonzalez was sentenced. D.E. 3.

Gonzales' motion seeks relief from his 240 month minimum enhanced sentence on the grounds that the United States did not give him timely notice of the enhancement which was filed the morning of trial and that his Texas drug conviction does not qualify as a predicate enhancement under more recent cases, *Mathis v. United States*, 136 S.Ct. 2243 (2016) and *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016).

Gonzalez was convicted after a jury trial in 2013 of possession with intent to distribute approximately 1560.8 kilograms of marijuana. 21 U.S.C. § 841(a)(1), 841(b)(1)(A). At the time of his arrest, Gonzalez was on probation for a 2007 Texas conviction for marijuana possession. Because the government filed a § 851 enhancement the morning of trial, Gonzalez' minimum mandatory sentence was 20 years based upon the enhancement. After a jury's verdict of guilty, the district court imposed a sentence of 20 years as required by law. The Fifth Circuit Court of Appeals affirmed.[1]

---

[1] Gonzalez raised the following grounds on appeal: "there was insufficient evidence to

Gonzalez filed a § 2255 motion to vacate, set aside or correct sentence in 2015 that raised one issue—ineffective assistance of counsel. After a hearing, the Court denied Gonzalez' motion in 2017. Gonzalez appealed. While his § 2255 denial was on appeal, Gonzalez filed a Rule 60(b) motion in which he claimed that his state drug conviction no longer qualified as a proper predicate offense under § 851 and § 851 is unconstitutional. This court did not reach the merits of Gonzalez' motion because it was a second or successive § 2255 claim and Gonzalez had not obtained permission to file it. Gonzalez' appeal of the denial of his § 2255 is still pending before the Fifth Circuit Court of Appeals.

## ANALYSIS

Gonzalez' present motion does not challenge the administration of his sentence, nor does he raise an issue that can be addressed under § 2255(e)'s savings clause. A petition filed under § 2241 that raises errors that occurred at or prior to sentencing should be construed as a § 2255 motion unless a petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention in which case the motion may be brought under § 2241. *Robinson v. United States*, 812 F.3d 476, 476-77 (5th Cir. 2016). Gonzalez' issues may be raised in a second § 2255 motion if he obtains the Fifth Circuit's permission to file a second or successive motion. Gonzalez already raised the some of his present grounds in the Rule 60(b) motion, although he did not appeal from the Court's construction of that motion as second or successive.

Gonzalez is entitled to a single § 2255 motion unless he obtains the permission of the Fifth Circuit Court of Appeals to file a second motion. *See Gonzalez*, 545 U.S. at 531; *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the

---

support his conviction; that his enhanced sentence was the result of prosecutorial vindictiveness; and that the enhancement in 21 U.S.C. §§ 841(b)(1)(A) and 851 is unconstitutional and, alternatively, that the Government failed to prove that he warranted such an enhancement." *United States v. Gonzalez*, No. 14-40065, 584 Fed. App'x 188 at *1 (5th Cir. 2014) (per curiam) (unpublished).

district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Gonzalez' motion does not indicate that he has sought or obtained such permission. Without permission from the Fifth Circuit, this Court does not have the power to adjudicate his claim.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Gonzalez' has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A Certificate of Appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Gonzalez is not entitled to a Certificate of Appealability on any of his claims. Reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## CONCLUSION

For the foregoing reasons, Gonzalez' § 2241 petition for writ of habeas corpus is construed to be a second or successive § 2255 motion (D.E. 3) and is DISMISSED pursuant to Rule 4(b). The Clerk is instructed to file a copy of this Order and D.E. 3 in Gonzalez' criminal action, 2:13-CR-279.

**It is so ORDERED.**
Signed this 21 day of February 2018.

Honorable Hilda Tagle
**Senior United States District Judge**